James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Paul M. Weiss
Eric D. Freed
FREED & WEISS, LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

Christopher P. Lyon
Devon M. Lyon
RIDOUT & LYON, LLP
555 East Ocean Boulevard, Suite 500
Long Beach, California 90802
(562) 216-7380

Rachel J. Geman
Daniel R. Leathers
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
(212) 355-9500

Michael W. Sobol
Katherin M. Lehe
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
(415) 956-1000

*Attorneys for Plaintiffs and the Proposed Class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER EOFF and JULIE TINKHAM, individually and on behalf of all others similarly situated, <br><br>            Plaintiffs, <br><br> vs. <br><br> SPRINT NEXTEL CORPORATION and SPRINT SPECTRUM, L.P. d/b/a SPRINT NEXTEL, <br><br>            Defendants. | Civil Action No. 2:10-cv-01190 (SDW)(MCA) <br><br><br> **AMENDED COMPLAINT and** <br> **<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiffs Jennifer Eoff and Julie Tinkham (collectively "Plaintiffs"), individually and on behalf of the class described below, by their attorneys, make the following allegations against

Sprint Nextel Corporation and Sprint Spectrum, L.P. d/b/a Sprint Nextel (together, "Sprint" or "the Sprint Defendants"), pursuant to the investigation of counsel, and upon information and belief, except as to allegations specifically pertaining to Plaintiffs, which are based upon personal knowledge:

## OVERVIEW OF THE ACTION

1.      Plaintiffs bring this lawsuit as a proposed class action on behalf of themselves and all other Sprint customers who entered into a contract including a Sprint "Everything Messaging" cell phone plan that purportedly provided "Unlimited Messaging (Picture, Text, & Video)" and (a) were improperly charged by Sprint for using their cell phones to send pictures; (b) were not adequately informed by Sprint as to what their Everything Messaging Plan (the "Plan") included, and as a result, incurred data charges when they believed they were sending messages that were included in the Plan; and/or (c) did not use certain features of the Plan, including as a result of requesting that Sprint block the ability to use certain features, after being charged a Casual Data Charge ("CDC"), that were included in the Plan.

2.      As alleged herein, Defendants' conduct gives rise to Plaintiffs' claims for violation of: (1) the Federal Communications Act; (2) violation of the New Jersey Consumer Fraud Act, and the consumer protection laws of other states; (3) breach of contact; (4) unjust enrichment, and (5) 28 U.S.C. § 2201, a right to declaratory relief.

## PARTIES

3.      Plaintiff Jennifer Eoff is a citizen of California residing in Ventura, California who was billed improperly by Sprint for using her cell phone to send pictures and, as a result, requested that Sprint block her ability to use certain features of her cell phone.

4.      Plaintiff Julie Tinkham is a citizen of Minnesota residing in St. Paul, Minnesota who was billed improperly by Sprint for using her cell phone to send pictures.

5.      Defendant Sprint Nextel Corporation is a Kansas corporation with its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia and with local offices at 1 International Boulevard, Suite 800, Mahwah, New Jersey.

6.      Defendant Sprint Spectrum, L.P. is a Delaware limited partnership with its principal place of business at 6160 Sprint Parkway, Overland, Kansas.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court with respect to Plaintiffs' claims arising under the Federal Communications Act pursuant to 28 U.S.C. § 1331.  Jurisdiction is proper with respect to Plaintiffs' state law claims under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.      Jurisdiction is also proper with respect to Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d) in that this is a class action involving more than 100 class members where the amount in controversy exceeds $5 million, exclusive of interest and costs, and there is at least one class member who is a citizen of a state other than the citizenship of Defendants.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) in that Defendants "reside" in this District.

## FACTUAL BACKGROUND
### Sprint Cell Phone Plans

10.      Sprint is in the business of providing cellular telephone service throughout the nation. It is presently the third largest cellular phone business in the country.

11.     It advertises its products and services extensively in New Jersey via print, radio and television.  It also maintains an office in New Jersey and has retained lobbyists in New Jersey to represent its interests before governmental bodies in New Jersey.

12.     Sprint sells its cell phone services in the form of "plans."   These plans may include bundled services, such as, talk only, talk and messaging, or talk, messaging and data. Each of Sprint's plans specifies what services a plan includes and the limits, if any, for those services, and what the customer will be charged for the plan, on a monthly basis.

13.     Sprint plans that include messaging services allow customers to send messages to other cell phone users without placing a call.  These messages may include text only ("text messages"), photographs ("picture messages"), or video ("video messages").   "Picture messaging" services enable cell phone users to send a photograph taken with a cell phone camera to other cell phone users attached to a text message.

14.     Plaintiffs, and the Class defined herein, purchased "Everything Messaging" cell phone plans from Sprint.

15.     The detailed information on the Sprint website stated that the "Everything Messaging" Plan provided "**Unlimited nationwide, text, picture and video messaging to anyone on any network.**"

16.     The Sprint website further stated that the "Everything Messaging" plan provided "**Unlimited Messaging (Picture, Text, & Video)**."

17.     Despite Sprint's representations that picture messaging would be "unlimited" to subscribers of the "Everything Messaging" Plan, Plaintiffs and the Class were charged for data service for pictures sent using their phones.

18.     Sprint did not put any limitation on the unlimited picture messaging it promised to provide as part of the "Everything Messaging" plan.

19.     Nothing on Sprint's website, or any other information published by Sprint, suggested that there was any limitation or further charge for the unlimited picture messaging uniformly promised by the "Everything Messaging" plan.

20.     Further, the Terms and Conditions for Sprint's "Everything Messaging" plan did not put any limitation on the uniform promise to provide *unlimited* picture messaging.

21.     Despite the foregoing, Sprint charged Plaintiffs and other Class members CDC for picture messaging, text messaging, video messaging or other actions that should not have incurred CDC, but nonetheless resulted in improper CDCs from Sprint.

22.     Sprint customers who purchased the "Everything Messaging" plan expected that the plain language of the plan – unlimited picture messaging – meant exactly what it said.

### Sprint Fails to Provide Unlimited Picture Messaging

23.     Sprint knew that customers that signed up for its "Everything Messaging" plan expecting to pay the agreed-to monthly charge and, in exchange, to be able to send an unlimited number of pictures, texts and videos using their phones, as the plan specified.

24.     Sprint, however, did not allow Plaintiffs and the Class to send and receive unlimited messaging (sending texts, pictures, and videos through texting) using their phones. Instead, through a uniform scheme and common course of conduct, Sprint has imposed on Plaintiffs and the Class additional charges, or CDCs, for using unlimited messaging with their phones, or otherwise properly using their phones within their service plan beyond the agreed-to monthly rate provided in their Plans. ("Improper Charges").

25.     In short, Sprint's claim that the Everything Messaging plan provided "**Unlimited nationwide, text, picture and video messaging to anyone on any network**" and "**Unlimited Messaging (Picture, Text, & Video)**" was a bait-and-switch.

26.     In addition, or alternatively, Plaintiffs and the Class were not adequately informed that the "Everything Messaging" plan did not, among other limitations, include the use of the internet to send a picture by text message.  As a result, Plaintiffs and the Class incurred CDCs when they believed they were only sending messages that were included in the plan.

27.     Further, Plaintiff Eoff and members of the Class, in order to avoid future charges, had to request that Sprint block the ability to use certain features that were included in the "Everything Messaging" plan.

## Sprint Fails to Respond to Customer Complaints

28.    Plaintiffs and numerous other Sprint customers complained to Sprint about these Improper Charges.  Sprint's own website shows many such complaints.

29.    Sprint personnel offered various excuses for these Improper Charges.  For example, Sprint personnel told some customers that they were being charged for "data use." However, the terms of the cell phone plans purchased by Plaintiffs and the Class could not be clearer: "Unlimited messaging," including pictures, was what Plaintiffs and the class purchased as part of their plan.  These plans made no exceptions for "data use" or for any other reason, and Sprint has no legitimate excuse for imposing the Improper Charges.

30.    Sprint's Improper Charges caused customers' bills to be higher than expected.

31.    Plaintiffs are two of the Sprint customers who have been billed for these charges, despite the "unlimited pictures" promise in the Sprint cell phone plan they purchased.

32.    Numerous customer complaints on Sprint's own website show that these charges are a widespread problem affecting many Sprint customers.   Typical examples of customer complaints from Sprint's website include the following:

- Dec 8, 2008 … I upgraded my account to the everything messaging shared plan simply due to the unlimited picture mail, text and video … And to my surprise was charged just for viewing my picture mail … which I assumed was included in my plan being that it said UNLIMITED PICTURE MAIL … isn't that false advertisement?

- Jan 2, 2009 … First time I visited this forum and I'm glad I did as it's obvious that many other Sprint Customers besides myself feel that they have been "bait & switched" by the Everything Messaging Plan and Picture Mail. … Like everyone else here, I had seen on the internet and was told by the store rep that the plan "includes unlimited texting, pictures and video to anyone on the network."

- Oct 31, 2009 … We all have an all messaging plan that we were informed that include free picture mail service, yet we have been charged for data for picture mail service, this month $70 approx on 2 phone on our family account.

- July 17, 2009 … I'm not happy about spending the extra cash for a data plan (to use picture and video messaging) when originally all we wanted was unlimited text, pic and vid messaging.  Also dealing with the aggravation of getting a different story on messaging data charges every time I called Sprint was completely annoying.

33.    The large number of complaints on Sprint's own website shows that the charges are a uniform practice of Sprint, impacting all of Sprint's customers who purchased the "Everything Messaging" plan.

**Sprint Actively Conceals its Basis for Adding
Data Charges for Picture Mail Use**

34.    Sprint promised the "Everything Messaging" customer "unlimited Picture Mail" while charging many picture mail users for data usage associated with sending picture mail. Despite the fact that Plaintiffs and class were charged for data usage in connection with their sending of picture mail (either because Sprint imposed an improper charge or because a Class member was not informed as to what was included in the Plan), Sprint went out of its way to conceal the basis and justification for these charges.

35.    As part of its corporate communications strategy, Sprint monitors message boards and online articles about its products and performance.  Sprint engaged in acts of active concealment when it responded to a posting on a website entitled the Consumerist, which had published a post entitled "Sprint's 'Unlimited' Messaging Package Charges You Per Message" dated January 17, 2009.  This post quoted an unnamed Sprint representative as saying that Sprint's promise of "Unlimited...picture and video messaging..." means that the customer has the capability to send picture messages, but that the customer cannot actually send them without an additional charge.

36.    A Sprint representative responded to this post which was published by The Consumerist in a post entitled "Sprint Clears Up 'Unlimited Messaging' Confusion" dated

January 20, 2009.  The Sprint representative said, "I saw your article on Sprint's "Everything Messaging" plans. Sprint's "Everything Messaging" plans include unlimited text, picture and video messaging at no additional charge. **With these plans, there are no charges for data usage associated with using picture or video messaging**."  (Emphasis added.)

37.     This public statement by Sprint is false and is an effort to actively conceal the true nature and basis of its business practice.  Sprint has charged its customers who purchased the "Everything Messaging" plan for data usage associated with picture messaging.   Further, despite this public statement, Sprint has continued to charge customers for data associated with picture messaging.

## CLASS ACTION ALLEGATIONS

### A.     Definition of the Class

38.     Plaintiffs bring all claims herein as Class claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The requirements of Rule 23(a), (b)(2) and (b)(3) are met with respect to the Class defined herein, of which Plaintiffs are members:

> All Persons who are or were parties to a contract for a wireless service containing an "Everything Messaging" plan (the "Plan") with Sprint, using Sprint's network(s), on or after February 1, 2008 who: (a) were charged additional fees, including casual data, beyond the agreed-to monthly charge, other than applicable taxes; (b) incurred casual charges, including casual data charges when they believed they were sending messages that were included in the Plan; and/or (c) did not use certain features of the Plan, including as a result of requesting that Sprint block the ability to use certain features, after incurring casual charges.

39.     Excluded from the Class are members of the judiciary, Defendants, any entity in which they have a controlling interest, and their officers and directors and the members of their immediate families are excluded.

### B.     Numerosity

40.     At this time, Plaintiffs does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiffs believe the Class members are so numerous that joinder of all members is impracticable.  The number of class members can be determined through appropriate discovery.

**C.     Commonality**

41.     There are questions of law or fact common to the Class, including at least the following:

   (a)     Whether the Improper Charges are unjust, unreasonable and/or unlawful;

   (b)     Whether Sprint's conduct violated the Federal Communications Act;

   (c)     Whether Sprint billed the Class for Improper Charges;

   (d)     Whether Sprint's conduct constitutes deceptive, unfair and/or oppressive conduct;

   (e)     Whether Sprint breached its contract with the class;

   (f)     Whether Sprint has been unjustly enriched;

   (g)     Whether Declaratory Relief is appropriate; and

   (h)     Whether Plaintiffs and the Class have been damaged, and if so, the proper measure of such damages.

**D.     Typicality**

42.     Plaintiffs have the same interests in this matter as all other members of the Class, and their claims are typical of all members of the Class.

**E.     Adequacy**

43.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in the prosecution and successful resolution of consumer class actions.

Plaintiffs will fairly and adequately represent the interests of all Class members and do not have interests adverse to the Class.

**F.     The Prerequisites of Rule 23(b)(2) are Satisfied**

44.     The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Rule 23(b)(2) exist as Sprint has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

45.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Sprint.  For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal.  Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

46.     Sprint's actions are generally applicable to the Class as a whole, and Plaintiffs seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

47.     Sprint's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

**G.     The Prerequisites of Rule 23(b)(3) are Satisfied**

48.     This case satisfies the prerequisites of Rule 23(b)(3).  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and

equitable relief at issue for each individual Class member.  This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

## COUNT I
### (Violation of § 201 of the Federal Communications Act)

49.     Plaintiffs repeat the allegations contained in the preceding Paragraphs as if fully set forth herein.

50.     At all times relevant hereto there was in full force and effect the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 201 *et seq.*

51.     This Count is asserted by Plaintiffs individually and on behalf of the Class.

52.     The Defendants are common carriers engaged in interstate or foreign communication by wire or radio, and subject to the common carrier regulation set forth at 47 U.S.C. § 201, *et seq.*

53.     Defendants' Improper Charges, as alleged above, are charges and/or practices in connection with communication service, subject to the requirements of 47 U.S.C. § 201(b).

54.     Section 201(b) of the FCA provides that all charges, practices, classifications, and regulations for and in connection with communication service, shall be just and reasonable. 47 U.S.C. § 201(b).

55.     The Sprint Defendants' Improper Charges are unjust, unreasonable and/or unlawful under Section 201(b).

56.     As a direct and proximate result of the Sprint Defendants' violation of 47 U.S.C. §§ 201(b) described above, Plaintiffs and other Class members have been damaged.

## COUNT II
### (Violation of the New Jersey Consumer Fraud Act)

57.    Plaintiffs repeat the allegations of the preceding paragraphs as if fully set forth herein.

58.    Plaintiffs bring their statutory fraud claims pursuant to substantially similar consumer fraud acts,[1] all of which were enacted and designed to protect consumers against unfair, deceptive and/or fraudulent business practices.  *See, e.g.,* N.J.S.A. § 56:8-1 *et seq.*  These Consumer Protection Acts are modeled after the FTC's consumer protection provisions and are collectively referred to herein as "Consumer Acts."

59.    For example, New Jersey's Consumer Fraud Act (N.J.S.A. § 56:8-2) provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice

60.    At all relevant times, Plaintiffs, Class members and the Sprint Defendants were "persons" within the meaning of the Consumer Acts, *see e.g.*, N.J.S.A. § 56:8-1.

61.    Sprint's "Everything Messaging" plans are acts or practices in the conduct of trade or commerce.

62.    Sprint's implementation of its "Everything Messaging" plans are unconscionable and/or deceptive in that they were advertised as providing unlimited messaging, whether for

---

[1]    *See e.g.*, Cal. Bus. & Prof. Code § 17200 *et seq.*; Fla. Stat. Ann. § 501.201 *et seq.*; 815 ILCS § 505/1 *et seq.*; Mich. Comp. Laws § 445.901, *et seq.*; Mo. Rev. Stat. § 407.010 *et seq.*; N.J.S.A. § 56:8-1 *et seq.*; Wash. Rev. Code § 19.86.010 *et seq.*

text, video or photographs, for one flat rate when, in fact, Sprint consistently charged customers with "Everything Messaging" plans for messages which included photographs.

63.     Plaintiffs and other Class members suffered ascertainable harm as a result of Sprint's deceptive and/or unconscionable acts by being forced to pay charges for messaging beyond those which were advertised by Sprint and which they reasonably expected to incur based upon Sprint's representations as to the terms and conditions of its "Everything Messaging" plans.

## COUNT III
### (Violation of the California Unfair Business Practices Act)

64.     Plaintiffs repeat the allegations of the preceding paragraphs as if fully set forth herein.

65.      At all times relevant hereto, there was in full force and effect the California Unfair Business Practices Act ("CUBPA"), California Business and Professions Code § 17200, *et seq.*, which prohibits deceptive, fraudulent and unfair business acts and practices.

66.     Plaintiffs and Class members are consumers within the meaning of the CUBPA given that the Sprint Defendants' business activities involve trade or commerce, are addressed to the consumer market generally and otherwise implicate consumer protection concerns.

67.     The Sprint Defendants intended that Plaintiffs and the Class would rely on its deception by purchasing cell phone Plans, unaware of the material facts described above, including the imposition of Improper Charges.  This conduct constitutes consumer fraud, an unfair business practice and violation of the CUBPA.

68.     The Sprint Defendants have committed deceptive acts or practices within the meaning of the CUBPA by engaging in the acts and practices alleged herein.

69.     The Sprint Defendants' conduct alleged herein is further unfair insofar as it offends public policy; is so oppressive that the consumer has little alternative but to submit; and causes consumers substantial injury.

70.     The Sprint Defendants conduct adversely affects the public interest and is a proximate cause of injury and money damages to Plaintiffs and the Class in an amount to be proven at trial.  The Sprint Defendants are liable to Plaintiffs and the Class for all appropriate damages allowed under the law, costs and attorneys' fees, including as private attorney generals under Cal. Code Civ. Proc. §1021.5.

## COUNT IV
**(Violations of the California Consumers Legal Remedies Act)**

71.     Plaintiffs repeat the allegations contained in the preceding paragraphs as if fully set forth herein.

72.     At all times relevant hereto, there was in full force and effect the California Consumers Legal Remedies Act ("CCLRA"), California Civil Code § 1750, *et seq.*, which prohibits certain deceptive, fraudulent and unfair business acts and practices.

73.     Plaintiffs and the Class are consumers within the meaning of the CCLRA given that the Sprint Defendants' business activities involve trade or commerce, are addressed to the consumer market generally and otherwise implicate consumer protection concerns.

74.     The Sprint Defendants intended that Plaintiffs and the Class would rely on its deception by purchasing cell phone Plans, unaware of the material facts described above, including the imposition of Improper Charges.  This conduct constitutes consumer fraud, an unfair business practice and violation of the CCLRA

75.     The Sprint Defendants have committed deceptive acts or practices within the meaning of the CCLRA by engaging in the acts and practices alleged herein.

15

76.     The foregoing deceptive acts or practices committed by the Sprint Defendants violate California Civil Code § 1770, including, but not limited to, subsections (a)(5), (a)(9) and (a)(14).

77.     Under this Count, and pursuant to the CCLRA, Plaintiffs seeks injunctive relief, only, in the form of an Order prohibiting the Sprint Defendants from committing the deceptive acts or practices alleged herein.   Plaintiffs expressly reserve the right to amend this Complaint to allege additional relief and damages available under the CLRA once the applicable notice period has elapsed. California Civil Code §1782 (d).

## COUNT VI
**(Violation of Minnesota Consumer Fraud Act ("MCFA"), Minn. Stat § 325F.67 *et seq*. and Minn. Uniform Deceptive Trade Practices Act ("MDTPA"), Minn. Stat § 3250.44 *et seq*.)**
**(On Behalf of Minnesota Sub-Class)**

78.     Plaintiffs repeat the allegations contained in the preceding paragraphs as if fully set forth herein.

79.     At all times relevant hereto, there was in full force and effect the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.67 *et seq.*, ("MCFA") and the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 3250.44 *et seq.*, ("MDTPA") which prohibit certain deceptive, fraudulent and unfair business acts and practices.

80.     Plaintiffs and the Class are consumers within the meaning of the MCFA and MDTPA given that the Sprint Defendants' business activities involve trade or commerce, are addressed to the consumer market generally and otherwise implicate consumer protection concerns.

81.     The Sprint Defendants intended that Plaintiffs and the Class would rely on its deception by purchasing cell phone Plans, unaware of the material facts described above,

including the imposition of Improper Charges.  This conduct constitutes consumer fraud, an unfair business practice and violation of the MCFA and MDTPA.

82.     The Sprint Defendants have committed deceptive acts or practices within the meaning of the MCFA and MDTPA by engaging in the acts and practices alleged herein.

83.     The foregoing deceptive acts or practices committed by the Sprint Defendants violate the MCFA and MDTPA.

84.     The Sprint Defendants' acts described above constitute violations of the MCFA in that Defendants used and/or employed fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others relied thereon in connection with the provision of services.

85.     The Sprint Defendants' conduct described herein was not isolated or unique to Plaintiffs, but was widespread, covering the time period of at least the past several years prior to the filing of this complaint, affecting thousands of customers, and was a regular and intended business practice of Defendants, instituted and implemented with a view toward unfairly profiting at the expense of its customers, represented by the Plaintiffs.

86.     As a result of the Sprint Defendant's violations of the MCFA, Plaintiffs and the Minnesota Sub- Class members have thereby been damaged and have suffered ascertainable losses.

87.     By the conduct described herein, the Sprint Defendants engaged in a deceptive trade practice by representing that its goods and services had characteristics and benefits that they did not have in violation of the MDTPA.

88.     The Sprint Defendants have willfully engaged in this conduct and practice with full knowledge as to its deceptive nature in violation of the MDTPA.

89.     As a result of the Sprint Defendants' conduct, Plaintiffs and the Minnesota Sub-Class members have been damaged.

90.     As a result of the Sprint Defendants' violations of the MCFA, it is liable to Plaintiffs and the Minnesota Sub-Class members for damages, interest, costs of suit, including attorneys' and experts' fees, punitive damages, and such other relief as the Court determines to be just.

## COUNT VI
### (Breach of Contract against the Sprint Defendants)

91.     Plaintiffs repeat the allegations contained in the preceding paragraphs as if fully set forth herein.

92.     Sprint uses a form contract for the sale of its cellular Plans.

93.     That form contract, with regard to those who have purchased the "Everything Messaging" Plan, promises that the "Everything Messaging" Plan means "**Unlimited nationwide, text, picture and video messaging to anyone on any network.**"

94.     Plaintiffs have signed and agreed to be bound by the conscionable terms of that contract.

95.     Plaintiffs have paid and Sprint has received adequate compensation for providing the Plaintiffs the cellular services they contracted for, including the services promised at the price promised for the "Everything Messaging" Plan.  That compensation is in the form of the monthly flat fee they are required to pay to received the "Everything Messaging" Plan.

96.     Sprint has breached the agreement by charging Plaintiffs for data usage in connection with their sending of picture messages, even though they had the "Everything Messaging" Plan.

97.    Plaintiffs have been injured by Sprint's breach of contract in the form of being billed for charges they were not obligated to pay, and the Plaintiffs will continue to incur such charges and damages in the future.

### COUNT VII
**(Unjust Enrichment)**

98.    Plaintiffs repeat the allegations contained in the preceding paragraphs as if fully set forth herein.

99.    Plaintiffs and the Class have conferred benefits on Sprint Defendant by paying the monthly charges on their cell phone Plans, and by paying some or all of the Improper Charges billed to them by the Sprint Defendants.

100.    The Sprint Defendants knowingly and willingly accepted these monetary benefits from Plaintiffs and the Class.

101.    Under these circumstances, it is inequitable for the Sprint Defendants to retain these benefits at the expense of Plaintiffs and the Class.

102.    The Sprint Defendants have been unjustly enriched at the expense of and to the detriment of Plaintiffs and the Class by collecting the Improper Charges to which the Sprint Defendants, in equity, are not entitled.

103.    Plaintiffs and the Class are entitled to recover from the Sprint Defendants all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

104.    As a direct and proximate result of the Sprint Defendants' unjust enrichment, Plaintiffs and Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from the Sprint Defendants of the benefits conferred by Plaintiffs and the Class.

105.    Plaintiffs and the Class have no adequate remedy at law.

106.    Plaintiffs seek to obtain a pecuniary benefit for the Class in the form of all reimbursement, restitution and disgorgement from the Sprint Defendants.  Plaintiffs' counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

107.    As a direct and proximate result of the Sprint Defendants' wrongful conduct as set forth above, the Sprint Defendants have been unjustly enriched.

### COUNT VIII
**(Declaratory Relief Pursuant To 28 U.S.C. § 2201)**

108.    Plaintiffs repeat the allegations contained in the preceding paragraphs as if fully set forth herein.

109.    There is an actual controversy between the Sprint Defendants and Plaintiffs and Class concerning any entitlement by the Sprint Defendants to the Improper Charges.

110.    Pursuant to 28 U.S.C. § 2201 this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

111.    Plaintiffs and the Class are interested parties who seek a declaration of their rights and legal relations vis-à-vis the Sprint Defendants under their cell phone Plans.

112.    The cell phone Plans that Plaintiffs and the Class purchased from the Sprint Defendants does not cover the Improper Charges.

113.    Plaintiffs and Class members who were billed for the Improper Charges, and who paid some or all of the Improper Charges to the Sprint Defendants have been damaged because they paid a charge that they were not legally bound to pay.

114.    Plaintiffs and Class members who where billed for the Improper Charges, and who did not pay the Improper Charges have also had their credit damaged because the Sprint Defendants have reported that a debt is owing from such persons when, in fact, no debt is due and owing.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, demands judgment against Defendants as follows:

A.    Certifying this action as a class action pursuant to Rule 23(a), (b)(2), (b)(3), and (g);

B.    Designating Plaintiffs as representatives of the Class and Plaintiffs' counsel as Class counsel;

C.    Entering judgment in favor of Plaintiffs and the Class and against the Sprint Defendants;

D.    Awarding Plaintiffs and Class their individual damages and appropriate penalities;

E.    Awarding Plaintiffs and the Class attorneys' fees and costs;

F.    Awarding statutory pre-judgment and post-judgment interest thereon; and

G.    Granting such further relief as the Court deems just.

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
Attorneys for Plaintiffs

By:    /s/ James E. Cecchi
          JAMES E. CECCHI

Dated:  November 22, 2011

Paul M. Weiss
Eric D. Freed
FREED & WEISS, LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

Christopher P. Lyon
Devon M. Lyon
RIDOUT & LYON, LLP
555 East Ocean Boulevard, Suite 500
Long Beach, California 90802

Rachel J. Geman
Daniel R. Leathers
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413

Michael W. Sobol
Katherin M. Lehe
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339

*Additional Counsel for Plaintiffs and the Class*

## <u>JURY TRIAL DEMAND</u>

Plaintiffs demand a jury trial for all claims so triable.

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
Attorneys for Plaintiffs

By:____/s/ James E. Cecchi_____
JAMES E. CECCHI

Dated:  November 22, 2011

## <u>CERTIFICATION</u>

Pursuant to Local Civ. R. 11.2, the undersigned counsel for Plaintiffs hereby certifies that the subject matter of this action is not the subject matter of any other civil action or arbitration proceeding, and that none is contemplated.

<div style="margin-left: 50%;">

CARELLA, BYRNE,  CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
Attorneys for Plaintiffs

By:____/s/ James E. Cecchi_____
      JAMES E. CECCHI

</div>

Dated:  November 22, 2011