Joseph A. Boyle
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Phone (973) 503-5900

*Attorneys for Defendant*
*Sprint Spectrum L.P.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER EOFF and JULIE TINKHAM, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL,<br><br>                    Defendant. | Civil Action No. 2:10-cv-1190 (SDW-MCA) |

## PROPOSED ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS AND SCHEDULING FAIRNESS HEARING

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Entry of an Order Granting Preliminary Approval of the Class Settlement and Approving the Form and Method of Notice to the Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the Parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, conducted a preliminary approval hearing on June 18, 2012, and is otherwise fully advised;

IT IS HEREBY ORDERED:

## I.   PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.   The terms of the Settlement Agreement, dated June 13, 2012, 2012, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, and subject to further consideration at the Final Approval Hearing provided for below.  This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.  The Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and in mediation under the guidance of the Honorable William G. Bassler.  The Court finds that the class settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that Notice of the Class Settlement should be given as provided in paragraphs IV, V and VI of this Order.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the

Parties involved in both settlement of these claims and through continuation of the litigation.

## II.   THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2.   The Settlement Class is defined as follows:

All Persons who are or were parties to an Individual Liable post-paid Wireless Service Agreement for Sprint or Sprint Nextel-branded services for one or more wireless service lines provisioned with a Messaging Plan with Sprint between January 1, 2008 and June 30, 2012 who: (i) incurred casual data charges from Sprint, including but not limited to for using services otherwise included in their Messaging Plan (such as  using their wireless device to send or receive pictures through messaging); (ii) claim that they were not adequately informed by Sprint as to what their Messaging Plan included, or how to properly use the services in the Messaging Plan to avoid additional charges, and as a result, incurred Casual Data Charges; and/or (iii) did not use certain features of the Messaging Plan, including as a result of requesting that Sprint block data use and resulting charges, which may have blocked their ability to use certain features included in the Messaging Plan.

3.   The Court preliminarily finds that the proposed nationwide Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only.  The Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

a    <u>Numerosity</u>

The Settlement Class consists of thousands of members located throughout the United States, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

b      <u>Commonality</u>

Common questions of law and fact, with regard to the alleged activities of Sprint exist, for each of the Settlement Class Members. These issues are central to this case and are sufficient to establish commonality.

c      <u>Typicality</u>

Plaintiffs' claims in this litigation are typical of the claims of the Settlement Class Members. Therefore, in the context of this settlement the element of typicality is satisfied.

d      <u>Adequate Representation</u>

Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. Additionally, this Court recognizes the experience of Class Counsel James E. Cecchi of CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, 5 Becker Farm Road, Roseland, New Jersey 07068; and Paul M. Weiss of COMPLEX LITIGATION GROUP LLC, 513 Central Avenue, Suite 300, Highland Park, Illinois 60035; and finds under FED. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class Members has been fully met.

e      <u>Predominance of Common Issues</u>

Plaintiffs represent a putative class of persons who were on Messaging Plans (as defined in Section I below) with Sprint and allege that: (i) Sprint improperly charged their accounts for using their cell phone to send pictures; and/or (ii) were not adequately informed by Sprint as to

what their Messaging Plan included, and as a result, incurred data charges when they believed they were sending messages that were included in the Messaging Plan; and/or (iii) did not use certain features of the Messaging Plan, including as a result of requesting that Sprint block the ability to use certain features, after being charged a Casual Data Charge (as defined in Section I below), that were included in the Messaging Plan. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

f     Superiority of the Class Action Mechanism

The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

g     Rule 23(b)(2)

As to the Prospective Relief, Sprint has acted or refused to act with respect to its fees billed under the Messaging Plan, on grounds that apply generally to the Settlement Class so that the Prospective Relief is appropriate.

4.    The Class Representatives are: Jennifer Eoff and Julie Tinkham. Based upon the Court's familiarity with the claims and parties, and the negotiation process overseen by the Honorable William G. Bassler, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes. The Court finds that each of these representatives were/are subscribers to Sprint's Messaging Plan.

5.     The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Class Counsel pursuant to FED. R. C P. 23(g):

> Counsel for the Class
>
> James E. Cecchi
> CARELLA, BYRNE, CECCHI, OLSTEIN,
> BRODY, & AGNELLO
> 5 Becker Farm Road
> Roseland, New Jersey 07068
> (973) 994-1700
>
> Paul M. Weiss
> COMPLEX LITIGATION GROUP LLC
> 513 Central Avenue, Suite 300
> Highland Park, Illinois 60035
> (847) 433-4500

6.     If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and Sprint shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

## III.   **COMMON FUND**

7.     Pursuant to the Agreement, Sprint shall deposit a total of three million dollars ($3,000,000) into the Escrow Account for the benefit of the Settlement Class, thereby establishing the Common Fund, in accordance with the funding schedule, and terms and conditions set forth in the Escrow Agreement.

Any interest generated from the Common Fund shall remain in the Common Fund to be distributed consistent with the terms of this Agreement and the Escrow Agreement.

        8.    The Common Fund shall be used to provide monetary relief to Settlement Class Members who file an Approved Clam and select the option for a Cash Benefit, and to pay for the costs to administer the Settlement and for the costs of Notice, except with respect to the Invoice Notice.  All administrative costs and costs of Notice, other than with respect to the Invoice Notice, shall be paid from the Common Fund prior to any distribution to the Settlement Class.  The remainder of the Common Fund shall be used to pay Approved Claims for the Cash Benefits, in accordance with the rules set forth herein.  Any distribution of monies from the Common Fund to the Settlement Class shall commence only after the Effective Date.  In the event that Approved Claims for Cash Benefits exceed the available cash in the Common Fund, all Cash Benefits will be reduced in a pro rata proportion.  In the event there remains cash in the Common Fund after all Cash Benefits have been paid, or from Class Members failing to cash settlement checks, the remaining cash will be allocated by Class Counsel to National Military Services (Operation Uplink) through *cy pres* distributions, or as otherwise directed by the Court.

9.      The Court finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

a.      The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

b.      The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

c.      The assets of the Escrow Account are segregated from other assets of Sprint, the transferors of the payment to the Settlement Fund.

10.     Under the "relation back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

a.      The Escrow Account met the requirements of paragraphs 7(a) and 7(b) of this Order prior to the date of this Order approving the establishment of the Escrow Account subject to the continued jurisdiction of this Court; and

b.      Sprint and the Claims Administrator may jointly elect to treat the Class Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Class Escrow Account met the requirements of paragraph 7 and 7(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 7 of this Order are met.  If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Escrow Account on that date.

## IV.   NOTICE TO SETTLEMENT CLASS MEMBERS

11.   The Court has considered the proposed notices attached as Exhibits D, E, F and G to the Agreement, including the proposed forms of notice, which have been submitted to the Court by separate motion, as well as the proposal for the Claim Form (set forth in the Agreement), and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.  The Court approves the notices in all respects (including the proposed forms of notice, and the proposal for the Claim Forms set forth in the Agreement) and orders that notice be given in substantial conformity therewith.  The costs of disseminating the notice shall be paid from the Common Fund in accordance with the Agreement.

12.   The Court appoints Gilardi & Co., LLC of San Rafael, California as Settlement Administrator.   Responsibilities of the Settlement Administrator shall include the following: (a) establishing a toll-free phone number (to be included in the notices for purposes of communicating with Settlement Class Members); (b) establishing and maintaining a website for purposes of posting the Long Form Notice, the Claim Form, the Agreement and related documents; (c) accepting and maintaining documents sent from Settlement Class Members,

including Claim Forms, Request for Exclusion, and other documents relating to

claims administration; and (d) administering claims for the allocation of the Cash

Benefits and Non-Cash Benefits among Settlement Class Members.

## V.    REQUEST FOR EXCLUSION FROM THE CLASS

13.    Settlement Class Members who wish to be excluded from

Settlement Class shall mail a written Request for Exclusion to the Settlement

Administrator, so that it is postmarked no later than 21 days before the Final

Approval Hearing, and shall clearly state the following: the name, address,

telephone number, of the individual or entity who wishes to be excluded from the

Settlement Class, and provide all such information as may be required by the

Agreement or requested by the Settlement Administrator and further state that:

> The undersigned individual hereby represents that he/she
> has authority to sign and submit this Request for
> Exclusion on behalf of the above-named class member.
> The undersigned also certifies that he/she has not
> received any advice from the parties to this litigation or
> their attorneys concerning his/her or the class member's
> fiduciary obligations under the Employee Retirement
> Income Security Act of 1974, 29 U.S.C. § 1100, et seq.,
> or other laws governing their obligations to any class
> member.    The undersigned understands that by
> submitting this Request for Exclusion, the class member
> identified above will not be entitled to receive any
> proceeds of the class Settlement Fund. By affixing my
> signature below, I certify under penalty of perjury that
> the foregoing is true and correct. 28 U.S.C. § 1746.

14.     Persons who submit a valid Request for Exclusion shall not be bound by the Agreement, or the Final Approval Order and Judgment.  Not later than ten days before the Final Approval Hearing, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and Sprint's Counsel, a report stating the total number of Persons that have submitted timely and valid Requests for Exclusion from the Settlement Class and the names of such Person.  Such Persons will not be entitled to receive any relief under this Settlement Agreement.

15.     Any Settlement Class Member who does not properly and timely mail a Request for Exclusion as set forth in paragraph 11 above shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and the Final Approval Order and Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

## VI.    <u>PROOFS OF CLAIM</u>

16.     To effectuate the Agreement and Class Settlement, the Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion and Claim Forms.  The Settlement Administrator shall preserve (on

paper or transferred into electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Settlement Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Settlement Administrator from Settlement Class Members relating to the Agreement shall be available at all reasonable times for inspection and copying by Class Counsel and Sprint's Counsel, including prior to payments being mailed to each Settlement Class Member.

      17.    In order to be entitled to participate in the Class Settlement, if effected in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

> The Settlement Administrator shall maintain a website for the settlement which enables the filing of Claim Forms online, and shall maintain a toll-free telephone number for potential Settlement Class Members to obtain information regarding the Settlement and regarding filing a Claim.

> Potential Settlement Class Members shall be given the option of completing the Claim Form online or submitting the Claim Form by mail. The Settlement Administrator shall identify duplicate Claim Forms using reasonable means (such as the use of unique identifying numbers on each Claim Form) and shall object to the acceptance of any such Claim Forms as set forth below.

For Persons claiming a Cash Benefit or Non-Cash settlement benefit, the Settlement Administrator shall require sufficient proof supporting a claim to meet a preponderance of evidence standard, and shall categorize the claim depending upon the type of claim and quality of proof provided, in accordance with the Settlement Benefit Rules set forth in the Agreement. The information required shall include the sworn verification of the Claimant, identifying information (name, account number, address, telephone number for the qualifying line of service for which a settlement benefit is being claimed), indicating that he or she: (a) is the authorized representative on a Wireless Service Account; (b) provides information to identify his or her Wireless Service Account; and (c) swears under oath, and/or provides documentation showing that he or she was charged, paid, and/or was not refunded or credited Casual Data Charges while on a Messaging Plan and did not use a data function other than the functions included in his or her Messaging Plan. Persons claiming a Cash Benefit or Non-Cash Benefit shall be advised in writing that their claim may be verified, and that their claim is made under penalty of perjury.

Sprint and Class Counsel shall have the right to inspect and verify the Claim Forms (including forms submitted electronically) received by the Settlement Administrator, and Sprint may submit pertinent information to the Settlement Administrator for review and consideration by the Settlement Administrator for purposes determining whether a Claim shall be deemed an Approved Claim.

Sprint shall have the right to object to Claims being deemed an Approved claim for any reason that is in accordance with this Settlement Agreement, including where a Settlement Class Member is seeking a Cash Benefit but in fact was never charged or paid for Casual Data Charges or received a full credit or refund for a disputed charge or has otherwise previously participated in an applicable settlement or has been bound by a prior

judgment or release.  The Settlement Administrator shall provide Class Counsel with a list of Claims to which an objection is made, together with the reasons for the objection.  If Class Counsel do not dispute an objection to a Claim Form, that Claim Form shall be rejected by the Settlement Administrator.  If a dispute arises between Class Counsel and Sprint regarding any objection to a Claim Form and/or decision by the Settlement Administrator regarding a lack of qualifying proof on a Claim Form that results in a materially lower settlement benefit categorization than has been requested by a putative Claimant, Sprint and Class Counsel shall agree upon a dispute resolution process that shall, at a minimum, require that the Parties confer regarding same, and if no agreement is reached, the submission of the dispute to an arbitrator to be appointed by the Court and compensated out of the Common Fund.  Regardless of the dispute resolution process agreed-upon, in the absence of contrary evidence from a Claimant, information from Sprint's data, customer records and billing systems shall be conclusive.

If a Claim Form is rejected by the Settlement Administrator, the Settlement Administrator shall provide written notice to the Claimant making the Claim by mailing a letter or emailing such notice to any email address provided by the Person for the receipt of correspondence by the Settlement Administrator.

Except as set forth above, if a Claim for Cash Benefits is accepted, there shall be no notice of acceptance required to be sent to the Claimant.  Tender of the settlement benefit shall suffice for notice.

If a Claim for Non-Cash Benefits is accepted, the Settlement Administrator shall provide the Claimant with a letter or email containing a unique code and/or instructions that will enable the Claimant to obtain his or her Non-Cash Benefit if and when such settlement benefits are tendered, along with instructions for how and when to obtain the Settlement Benefit.

The deadline for submitting the Claim Form shall be the Claims Deadline. Any Claim Form submitted after the Claims Deadline shall be untimely and void. In the event of a dispute over the timeliness of a Claim Form, the dispute resolution procedures described above shall apply.

All putative Claimants are required to provide or submit certain information to verify that they are appropriately claiming a benefit, as set forth in the "Settlement Benefits Claim Process" section below. No Settlement Class Member will be entitled to a Cash Benefit if the Settlement Class Member: (i) previously received a credit, refund, adjustment or offset of all of the Casual Data Charge(s) attributable to the Line of Service on a Messaging Plan; and (ii) released Sprint from liability arising out of Casual Data Charges in a prior claim or lawsuit.

No settlement benefits shall be distributed pursuant to this Settlement Agreement until after the Effective Date. If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made. The data within Sprint's records shall be the deciding and controlling factor in evaluating the validity of eligibility for settlement benefits.

## VII.  CLAIMS PROCESS

18.    In addition to all other consideration set forth in the Agreement, Settlement Class Members who file an Approved Claim by the Claims Deadline and provide all required proof or documentation and comply with all other conditions and requirements and Settlement Benefit Rules set forth herein, shall have the right to obtain either the Cash Benefit or one of the Non-Cash Benefits set forth below.

(i)      Cash Benefit:  The Cash Benefit is a monetary payment of up to $20.00 from the Common Fund.

(ii)     Non-Cash Benefits: Sprint shall provide up to $8.0 million of non-cash benefits (face, retail value) to participating Class Members who file an Approved Claim in the form of either: (a) three months of domestic unlimited data usage on the Sprint 3G network for participating Claimants who are not already on a plan that includes data and who have a wireless device that is capable of operating data services, and who accept service pursuant to Sprint's then-current Terms and Conditions of service, and in compliance with Sprint's policies, including Sprint's Use and Privacy policies; or (b) a waiver of the $36 activation fee when activating a new Line of Service under Sprint's then-existing Terms & Conditions of Services; such Claimant must be eligible under Sprint's activation and credit policies; or (c) for participating Class Members who no longer maintain an active account and have an outstanding account balance in excess of $20.00, a credit adjustment in the amount up to $20.00; or (d) a gift card or certificate in the amount of $25.00 that may be used in Sprint-owned retail locations (but not on Sprint.com) for the purchase of accessories.

19.     The Aggregate Fees, Costs, and Expenses shall be paid from the Common Fund prior to any distribution to the Settlement Class.  The remainder of the Common Fund shall be used to pay Approved Claims for the Cash Benefits,

in accordance with the rules set forth herein.  Any distribution of monies from the Common Fund to the Settlement Class shall commence only after the Effective Date.  In the event that Approved Claims for Cash Benefits exceed the available cash in the Common Fund, all Cash Benefits will be reduced in a pro rata proportion.  In the event there remains cash in the Common Fund after all Cash Benefits have been paid, or from Class Members failing to cash settlement checks, the remaining cash will be allocated by Class Counsel to National Military Services (Operation Uplink) through *cy pres* distributions, or as otherwise directed by the Court.

## VIII.  <u>CONFIDENTIALITY</u>

20.   Any information received by the Settlement Administrator in connection with the Class Settlement that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Sprint's Counsel, and the Court, or as otherwise provided in the Agreement.

## IX.   <u>FINAL APPROVAL HEARING</u>

21.   A hearing on final settlement approval (the "Final Approval Hearing") will be held on December 10, 2012 before this Court, at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal

Building, 50 Walnut Street, Newark, New Jersey 07101, to consider, *inter alia*, the following: (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to Sprint; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee Petition") should be granted; (e) whether to finally approve the Agreement; and (f) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Settlement Class should be deemed as a final judgment under Fed. R. Civ. P. 54(b) with respect to all claims by Settlement Class Members against Sprint and other Sprint-Related Released Parties.

22.     On or before November 9, 2012, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

23.     Any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of a Class Settlement, the dismissal with prejudice of Sprint, the entry of final

judgment as to Sprint, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below in Paragraph 23 on or before October 26, 2012.  Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before October 26, 2012, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below in Paragraph 23 on or before October 26, 2012.  Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

24.     Any discovery or other information sought regarding the Settlement Agreement, the Settlement, the Motion for Preliminary Approval Of The Class Settlement, Directing Notice To The Class And Scheduling Fairness Hearing, the Final Approval Order and Judgment and any matters related thereto,

by any Settlement Class Member, any counsel on behalf of any Settlement Class Member or by any objector or counsel representing an objector shall be made in this Action in the context of the Final Approval process set forth in this Order and any such discovery or request for information sought other than in this proceeding and in connection with the Final Approval process set forth in this Order is hereby enjoined.

25.    Counsel for the Parties who must be served with all documentation described above in Paragraph 21 are as follows:

Counsel for the Class

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Paul M. Weiss
COMPLEX LITIGATION GROUP LLC
513 Central Avenue, Suite 300
Highland Park, Illinois 60035
(847) 433-4500

Counsel for Sprint

Joseph A. Boyle
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900

26.     The date and time of the Final Approval Hearing shall be set forth in the notices and posted on the Settlement Administrator's website, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Agreement.

27.     All proceedings in this Action with respect to Sprint are hereby stayed and suspended, pending the Final Approval of the Class Settlement ("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlement, or this Order.

28.     Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action.  Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 23 above by October 26, 2012, and file it with the Court on or before October 26, 2012.

29.     Pending Final Approval, Sprint may seek an injunction that no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Sprint-Related Released Party any action or proceeding in any court or

tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and Class Counsel and Class Representatives are directed to cooperate, but are not required to participate, in the Sprint's efforts to obtain said injunction or injunctions.   Upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, including the Class Released Claims and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## X.   <u>OTHER PROVISIONS</u>

30.   Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

31.   In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Sprint.

32.    Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any Sprint-Related Released Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order.

Date: _____       _____
                                      Hon. Madeline Cox Arleo, U.S.M.J.