James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER EOFF and JULIE TINKHAM, both individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL,<br><br>Defendant. | Civil Action No. 2:10-cv-1190 (SDW-MCA) |

<u>**FINAL APPROVAL ORDER**</u>

1. Sprint and the Class Representatives reached a settlement (the "Settlement"). The Parties have submitted briefs, declarations, including a detailed written Stipulation and Class Action Settlement Agreement (the "Agreement"), and numerous exhibits in support of their applications for preliminary and final approval of the Settlement. The Court gave its preliminary approval of the Settlement on June 20, 2012. The Court directed the parties to provide notice of the proposed Settlement by direct mail to former customers and to current customers by invoice notice, and scheduled a further hearing to determine whether the proposed

Settlement is fair, reasonable, and adequate and whether the requested award of attorneys' fees and expenses is reasonable.

2. A final settlement hearing (the "Settlement Hearing") was held before this Court on December 10, 2012 pursuant to this Court's Order of June 20, 2012 (the "Preliminary Approval Order"), to determine: (1) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), which Stipulation is incorporated herein by reference; (2) whether to approve incentive awards; and (3) whether and/or in what amount to grant Plaintiffs' Counsel's application for an award of fees and reimbursement of expenses.

3. After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, reviewing the pleadings and evidence filed in support of the Settlement, the request for an award of attorneys' fees and expenses, and the request for approval of the payment of incentive awards, and all persons having any objection to the proposed Settlement embodied in the Stipulation, the request for attorneys' fees and reimbursement of expenses, and the request for the payment of incentive awards having been given an opportunity to present such objections to the Court and no objectors or their counsel having appeared at the Settlement Hearing, and the Court having fully considered the record of these proceedings, the representations, argument, and recommendation of counsel, and the requirements of the governing law, including all papers filed in connection therewith, and the oral presentations of counsel and any objections raised, and for good cause shown,

**IT IS ORDERED AS FOLLOWS:**

4. The Court finds that the proposed Settlement meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, affirms certification of the

Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just, reasonable, and adequate.

5. Based upon the Court's familiarity with the claims and parties, the Court finds that Jennifer Eoff and Julie Tinkham adequately represented the interests of the Settlement Class and hereby appoints them as Class Representatives for the Settlement Class and awards them each $3,000.00 as an incentive award.

6. The Court finds, upon review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement relief is fair, reasonable, and adequate. Accordingly, the Settlement is finally approved by the Court.

7. The Settlement was entered into at arm's length by experienced counsel and only after extensive negotiations. The Settlement is not the result of collusion. The Class has received the best notice practicable under the circumstances. The Settlement is fair reasonable and adequate.

8. The Court finds that the objections raised by Fatima Dorego, Katherine Franco, and Robert Byrne are without merit and overrules their objections.

9. The Court finds that the fee agreement reached in this case was negotiated at arm's length by sophisticated counsel.

10. The Court further finds that in separately negotiating a fixed sum of $3.5 million in attorneys' fees and expenses after agreement was reached between the parties on all other terms of the Settlement, the Class Representatives and Class Counsel have fairly and adequately protected the interests of all Class Members.

11. The Court further finds that Class Counsel's requested award is presumptively reasonable because this award will not diminish the funds or other valuable relief provided to the Class in the event the Settlement becomes effective.

12. The Court hereby grants Class Counsel's request for an award of attorneys' fees and reimbursement of costs and expenses in the amount of $3.5 million. Sprint is directed to make payment to the Carella, Byrne trust account as soon as practicable.

13. In the event that the Settlement does not become effective according to the terms of the Agreement including but not limited to the final judgment not being entered this Order shall be rendered null and void as provided by the Agreement and Class Counsel shall return to Sprint all monies received pursuant to this Order.

14. Final judgment will not be entered until the statutory time periods provided by the Class Action Fairness Act have run and any objections thereto have been considered.

15. There being no just reason to delay, the Clerk is directed to enter this Order forthwith.

Dated: December 11, 2012

_____
Hon. Madeline Cox Arleo, U.S.M.J.