Joseph A. Boyle
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Phone (973) 503-5900

*Attorneys for Defendant*
*Sprint Spectrum L.P.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER EOFF and JULIE TINKHAM, both individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>vs.<br><br>SPRINT SPECTRUM L.P. d/b/a SPRINT NEXTEL,<br><br>                    Defendant. | Civil Action No. 2:10-cv-1190 (SDW-MCA) |

## FINAL APPROVAL ORDER AND JUDGMENT

1.  Sprint and the Class Representatives reached a settlement (the "Settlement"). The Parties have submitted a detailed written Stipulation and Class Action Settlement Agreement (the "Agreement") together with numerous exhibits and proposed orders. To the extent not otherwise defined herein; all capitalized terms shall have the meanings attributed to them in the Agreement. The Court gave its preliminary approval of the Settlement on June 18, 2012, 2012 (the

"Preliminary Approval Order"). The Court directed the parties to provide notice of the proposed Settlement by notice via the internet, notice to former subscribers by direct mail, and notice to current customers by Invoice Notice, and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2. On December 10, 2012, this Court held a hearing to determine whether the proposed Settlement set forth in the Agreement executed by the Parties should be approved in final by this Court. James E. Cecchi, Esq. appeared for the Plaintiffs and the Settlement Class. Joseph A. Boyle, Esq. appeared for defendant Sprint. ___ *Other than objections filed by counsel who did not appear* objections were filed with respect to the proposed Settlement, and *no* (only *# 44*) Settlement Class Members appeared at the hearing to contest the Settlement. *no*

3. After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and hearing the attorneys for the Parties, and any objectors, the Court finds, and

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

4. This Final Approval Order and Judgment incorporates and makes part hereof the Agreement and all Exhibits thereto.

5. The Court has personal jurisdiction over all Settlement Class Members and Sprint, and the Court has subject matter jurisdiction to approve the Agreement and all Exhibits thereto.

6. Based upon the record before the Court, including all submissions in support of the Class Settlement set forth in the Agreement, objections and responses there, as well as the Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All Persons who are or were parties to an Individual Liable post-paid Wireless Service Agreement for Sprint or Sprint Nextel-branded services for one or more wireless service lines provisioned with a Messaging Plan with Sprint between January 1, 2008 and June 30, 2012 who: (i) incurred casual data charges from Sprint, including but not limited to for using services otherwise included in their Messaging Plan (such as using their wireless device to send or receive pictures through messaging); (ii) claim that they were not adequately informed by Sprint as to what their Messaging Plan included, or how to properly use the services in the Messaging Plan to avoid additional charges, and as a result, incurred Casual Data Charges; and/or (iii) did not use certain features of the Messaging Plan, including as a result of requesting that Sprint block data use and resulting charges, which may have blocked their ability to use certain features included in the Messaging Plan.

In so holding, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a) & (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses

of the Class Representatives are typical of the claims and defenses of the Settlement Class Members they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia,* upon the Court's familiarity with the claims and parties in this case, the interests of the various constituent groups, and the negotiation process overseen by Mediator Hon. William G. Bassler.

7. The Court further finds with respect to entry of the Prospective Relief that the Settlement Class should be certified pursuant to Fed. R. Civ. P. 23(b)(2) because Sprint has acted or refused to act on grounds that apply generally to the Settlement Class, so that injunctive or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

8. The Agreement and proposed Settlement were reached after arm's-length negotiations between the Parties. The Agreement and the proposed

Settlement are fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of each of the Parties and the Settlement Class Members.

9. The Settlement is fair and reasonable and satisfies the multi-factor balancing test laid out by *Girsh v. Jepson*, 521 F.3d 153, 157 (3d Cir. 1975).

10. The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiffs and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

11. The Notice and the notice methodology implemented pursuant to the Agreement (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class; their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii)

were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

12. The terms of the Agreement and this Final Approval Order and Judgment are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

13. The terms of the Agreement and this Final Approval Order and Judgment shall have *res judicata,* collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to Sprint's Messaging Plan charges.

14. The Parties and their counsel are ordered to implement and to consummate the Agreement according to its terms and provisions.

15. All claims against Sprint in this case, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below or in any other order entered by the Court.

16. The releases set forth in Article VI of the Agreement are incorporated by reference and provides, *inter alia,* that for and in consideration of the Cash Benefits, Non-Cash Benefits, Prospective Relief and Sprint Released Claims and the mutual promises contained in the Agreement, Plaintiffs and the Settlement Class Members, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives, fully and finally release, as of the date Final Approval Order becomes Final, Sprint from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to the Action or the Class Released Claims. The Class Released Claims include, without limitation, all claims relating to the subject matter of the Class Released Claims, including any claim related to Casual Data Charges and the Unlimited Messaging and Everything Messaging plans, and the Sprint Released Claims.

17. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Agreement and all exhibits attached hereto as (i) are consistent with the Final Approval Order and Judgment, and (ii) which do not limit the rights of Settlement Class Members under the Agreement.

18. The Court hereby grants Class Counsel's request for an Incentive Award for the Class Representatives in the amount of $3,000.00 for each Class Representative.

19. The Court further approves the establishment of the Common Fund as set forth in the Agreement and the Escrow Agreement submitted by the Parties.

20. The Court finds that the Escrow Account is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Escrow Account is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

(c)  The Assets of the Escrow Account are segregated from other assets of Sprint, the transferor of payments to the Settlement Fund, and from the assets of persons related to Sprint.

21.  Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)  The Escrow Account met the requirements of paragraphs 19 and 20 of this Order prior to the date of this Order approving the establishment of the Common Fund subject to the continued jurisdiction of this Court; and

(b)  Sprint and the "administrator" under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a "Qualified Settlement Fund" on the later of the date the Escrow Account met the requirements of paragraphs 13(b) and 13(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 13 of this Order are met. If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

22.  Nothing in this Final Approval Order and Judgment, the Class Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Sprint.

23. In the event that the Class Settlement does not become effective according to the terms of the Agreement, this Final Approval Order and Judgment shall be rendered null and void as provided by the Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

24. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid Request for Extension), shall commence, continue, or prosecute any action or proceeding against any or all Sprint Released Parties in any court or tribunal asserting any of the Class Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

25. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

26. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

Dated:_____, 2013     _____
      Jan 30, 2013                   MADELINE COX ARLEO
                                     U.S. MAGISTRATE JUDGE